IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEWELL INVESTMENTS, | No. C 12-01632 JSW |
| Plaintiff, | **ORDER REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| GINA L. VAUGHN, | |
| Defendants. | |

On April 2, 2012, Defendants, proceeding *pro se*, filed a Notice of Removal, and they assert that this Court has subject matter jurisdiction premised upon a federal question. (*See* Notice of Removal at 2-3.) This Court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c)..

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*,

**United States District Court**
For the Northern District of California

1  372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
2  1992).  Moreover, a court must construe the removal statute strictly and reject jurisdiction if
3  there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480,
4  1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if
5  there is any doubt as to the right of removal in the first instance.")

6  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392.  The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim.  "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*  Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

13  "It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original).  Based upon the Court's review of the record, Defendants purport to remove the action based upon a federal defense.  Plaintiff's Complaint only asserts a state-law claim for unlawful detainer.  Therefore, this Court lacks jurisdiction over this case.  Accordingly, the Court HEREBY REMANDS this action to Sonoma County Superior Court.

**IT IS SO ORDERED.**

Dated:   April 27, 2012

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

12-163UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TREEWELL INVESTMENTS,

    Plaintiff,

  v.

GINA L. VAUGHN et al,

    Defendant.

Case Number: CV12-01632 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christian L. Vaughn
1721 Alhambra Court
Petaluma, CA 94954

Gina L. Vaughn
1721 Alhambra Court
Petaluma, CA 94954

Dated: April 27, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk